**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**BILLY WAYNE LEWIS #1306572
(TDCJ #1057794),**

<b>Plaintiff,</b>

**-vs-**                                                      **Case No.  A-13-CA-167-SS**

**SHERIFF GREG HAMILTON, BOBBIE
McPHERSON, HEAD NURSE IN CHARGE, and
P.A. SOUPS,**

<b>Defendants.</b>

_____

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE SAM SPARKS
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint, Motion for Established Medication and more definite statement.  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

<u>STATEMENT OF THE CASE</u>

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex ("TCCC") in Del Valle, Texas.  Plaintiff initially filed correspondence asking for an emergency order demanding the medical staff at the TCCC to administer his medication in a safe and adequate way.  Plaintiff's correspondence was construed as

a civil-rights complaint, and Plaintiff was directed to file an amended complaint naming a proper defendant.

On April 1, 2013, the Court received Plaintiff's complaint.  Plaintiff listed as defendants: Sheriff Greg Hamilton, unnamed medical staff, unnamed access to courts individuals, Bobbie McPherson, an unnamed "head nurse in charge," and P.A. Soups.  Plaintiff asserts he was delivered to the TCCC on February 15, 2013.  Plaintiff states he was only receiving one of two of his mental medications and one of five of his physical medications.  Shortly thereafter, Plaintiff alleges the remainder of his physical medications were started.  Twenty days later Plaintiff alleges his mental medications were started.  Plaintiff complains, since then, his medications have been stopped, started, changed, and changed again.  He also complains the only time the detainees eat proper calories is when someone is coming to the jail.  Plaintiff appears to request he be given the same medications in the jail as he was receiving in the "freeworld."

After consideration of Plaintiff's complaint, Plaintiff was ordered to file a more definite statement.  Plaintiff points out Sheriff Hamilton is the head administrator for the TCCC.  Plaintiff contends Hamilton condones providing inmates inadequate access to the courts by providing them inadequate legal materials, allowing the temperature to fluctuate in the pods so that the inmates are freezing, providing inadequate calories, and allowing the health care at the TCCC to resemble "'one flew over the cookoo's nest' times 10." With regard to Defendant McPherson, Plaintiff complains she is the mental health care provider at the TCCC but Plaintiff had not been allowed to see her. Despite Plaintiff's allegations in his complaint that he started his mental medications 20 days after arriving at the TCCC, Plaintiff claims he did not receive his mental medications for 80 days. According to Plaintiff, he was put back on his medications while he was preparing his more definite

2

statement.  With regard to the defendant identified as "Head Nurse in Charge" Plaintiff asserts this is the signature on his requests to medical when they are returned to him.  Plaintiff generally alleges the medical department at the TCCC has cut, changed, denied and lied to inmates about what they are taking.  With respect to the defendant originally identified as P.A. "Soups" Plaintiff alleges this person changed his pain medication due to the number of soups Plaintiff purchased in the commissary.  Plaintiff complains it took three months to get his medications right.

DISCUSSION AND ANALYSIS

A.    Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible.  Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets."  Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.    Injunctive Relief

Plaintiff only seeks injunctive relief in this case.  Specifically, Plaintiff requests "the employees here at the Del Valle Compound kitchen, medical, go by written policy and medical

ethics, access to courts be fixed; do better on a/c and water." Plaintiff earlier requested he be given his "established medication" but later admitted he received his medications after about three months.

Plaintiff's parole was recently revoked, and Plaintiff was subsequently transferred to the Texas Department of Criminal Justice - Correctional Institutions Division. Because Plaintiff was transferred to the TDCJ-CID, Plaintiff's claims should be dismissed as moot. Biliski v. Harborth, 55 F.3d 160 (5th Cir. 1995) (dismissing as moot plaintiff's request for a transfer from a county jail due to plaintiff's subsequent transfer to the TDCJ); White v. Colorado, 82 F.3d 364 (10th Cir. 1996) (dismissing as moot plaintiff's claims for prospective injunctive relief due to plaintiff's release from prison); Garrett v. Angelone, 940 F. Supp. 933 (W.D. Vir. 1996) (dismissing as moot the plaintiff's claims regarding the conditions at institutions from which the plaintiff had been transferred) (citing Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991); Magee v. Waters, 810 F.2d 451 (4th Cir. 1987)). Plaintiff will not be prejudiced by the dismissal of his complaint. Should Plaintiff be incarcerated in the TCCC in the future, he may file a new complaint.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint and Motion for Established Medication be dismissed without prejudice as moot.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual

findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 26th day of August, 2013.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE